IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWIN MILLIGAN,<br><br>                Plaintiff,<br>    v.<br><br>CRUX SUBSURFACE, INC., a Washington corporation; CRUX EQUIPMENT LEASING, INC., a Nevada corporation; *In Personam*, ALASKA SOLUTION, Official No. 1212495; and the charter vessels, their engines, tackle, gear, apparel, furniture and equipment, *In Rem*,<br><br>                Defendants. | Case No. 3:11-cv-00078-SLG |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendants (collectively, "Crux") have filed a motion for summary judgment at docket 26. Plaintiff Edwin Milligan opposes at docket 34. Crux replies at docket 38.

In its motion, Crux seeks summary judgment on Mr. Milligan's assertion of seaman status under the Jones Act[1] and dismissal of all Mr. Milligan's claims.

### FACTUAL BACKGROUND

The facts relevant to this motion are not in dispute.[2] For purposes of this motion, the Court has presented them in the light most favorable to Mr. Milligan, the non-moving party.[3]

---

[1] 46 U.S.C. § 30104.

[2] *See* Docket 34 at 1 (Opp.) ("Mr. Milligan does not dispute the facts presented by the defendants.")

[3] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

In 2008, Crux hired a team of laborers, including Mr. Milligan, to work on a transmission tower construction project in a remote area near Ketchikan, Alaska.[4] Crux connected four barges, all of which it either owned or leased, to create a remote camp as a staging area for the inland construction ("barge raft").[5] Each barge had a separate function: one served as living quarters for the laborers ("hotel barge"); one served as a helicopter landing pad; one stored fuel for the helicopters; and one held equipment for the inland construction project ("materials barge").[6] The barge raft was moored near shore and appeared in the following configuration after July 28, 2008:[7]



---

[4] Docket 28 at 2 (Nead Decl. ¶ 3).

[5] *Id.*

[6] *Id.*

[7] *Id.*

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 2 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 2 of 14

Crux hired Mr. Milligan as a temporary employee for the tower construction project.[8] Mr. Milligan was hired as a tree trimmer, specifically, a "Material Handler for Drilling Operation,"[9] with no assurance of employment with Crux beyond the duration of the summer 2008 project.[10] The description of this position, which Mr. Milligan has testified describes his duties,[11] makes no mention of seafaring or other marine-based or vessel-based activities.[12] Mr. Milligan began working for Crux on July 2, 2008 and first boarded the barge raft on July 8, 2008. Mr. Milligan conducted his assigned tasks—mixing grout and distributing materials to support the inland construction—primarily on board the materials barge.[13] During the course of the construction project, a grout-mixing station was set up on land using the same process as the barge-based station.[14]

Mr. Milligan worked for Crux for 112 days.[15] The parties agree that Mr. Milligan was off the barge raft for less than two weeks, which means that he spent over 85% of his time as a Crux employee aboard the raft.[16] Mr. Milligan has testified that he worked in Ketchikan loading the barges from docks for approximately a week prior to traveling

---

[8] *Id.* at 3-4 (Nead Decl. ¶¶ 4-5).

[9] *Id.* at 3 (Nead Decl. ¶ 4).

[10] *Id.* at 3-4 (Nead Decl. ¶ 4); Docket 27 at 18 (Milligan Dep. at 37).

[11] Docket 27 at 21-22 (Milligan Dep. at 57-58).

[12] *See* Docket 28 at 3 (Nead Decl. ¶ 4) (position description).

[13] Docket 27 at 26 (Milligan Dep. at 74).

[14] *Id.* at 38 (Milligan Dep. at 93).

[15] Docket 28 at 3 (Nead Decl. ¶ 4) (Mr. Milligan was employed from July 2, 2008-October 21, 2008).

[16] *Id. See also* Docket 34 at 3, n.1 (Opp.) (citing Mot. at 5).

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 3 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 3 of 14

to the barge raft and that, once at the barge raft, worked at one of the on-land drill sites two times.[17] The barge raft was moved once during the construction project, on August 22 and 23, 2008.[18] Mr. Milligan did not work on those two days.[19] Mr. Milligan has testified that he was transported on the hotel barge on one occasion.[20] He also testified that on one occasion he helped tighten one of the material barge's mooring lines.[21] Otherwise, Mr. Milligan's activities aboard the materials barge were limited to preparing materials for the construction site.

Mr. Milligan was injured on the materials barge on October 20, 2008. He worked on the Crux construction project from July 2, 2008 until he was injured. He applied for and received workers' compensation for his injury for approximately 18 months and then returned to work.[22] He is currently employed in a facility maintenance position with the U.S. Coast Guard.[23]

---

[17] Docket 27 at 26, 29 (Milligan Dep. at 74, 77).

[18] Docket 28 at 3 (Nead Decl. ¶ 3).

[19] *Id.*

[20] Docket 27 at 45 (Milligan Dep. at 101). Jeremy Cummings, who supervised Mr. Milligan and other laborers at the barge camp, has testified that he was told that "U.S. Coast Guard regulations prevented any persons from riding aboard any barges being moved under tow." Docket 29 at 2 (Cummings Decl. ¶ 3). However, for purposes of this motion, this Court assumes that Mr. Milligan was aboard the hotel barge under transport on one occasion. But there is no evidence in the record that Mr. Milligan performed any sea-based duties at that time.

[21] Docket 35-1 at 4-5 (Milligan Dep. at 103) (discussing "the one time when we did it").

[22] Docket 27 at 2 (Reilly Decl. ¶ 5).

[23] Docket 27 at 13 (Milligan Dep. at 22).

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 4 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 4 of 14

Mr. Milligan initiated this action on April 15, 2011.[24] His Complaint asserts claims for negligence under the Jones Act, unseaworthiness, maintenance and cure and unearned wages, found, and general maritime law negligence.[25]

## DISCUSSION

### I. Jurisdiction

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333.

### II. Summary Judgment Standard.

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Here, the parties agree that, for purposes of this motion, there is no genuine dispute as to any material fact. Rather, the parties disagree, based on those undisputed facts, as to whether Crux is entitled to judgment as a matter of law.

### III. Analysis.

The Jones Act provides that "[a] seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer."[26] Crux argues in its motion that Mr. Milligan was not a seaman during his employment with Crux and that he is therefore not eligible to make claims under the

---

[24] Docket 1 (Compl.).

[25] *Id.*

[26] 46 U.S.C. § 30104.

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 5 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 5 of 14

Jones Act.[27] Mr. Milligan disagrees, arguing that the circumstances and nature of the work he performed for Crux satisfy the requirements for Jones Act eligibility.

Generally, "[t]he test regarding who is a seaman under the Jones Act is a mixed question of law and fact."[28] But here, where "the underlying facts are established," the question before this Court on summary judgment is "whether the facts meet the statutory standard"[29] required for Mr. Milligan to be a seaman under the law.

In *Chandris, Inc. v. Latsis*, the United States Supreme Court observed that Jones Act protection depends primarily on a distinction between land-based and sea-based workers.[30] "Land-based maritime workers do not become seamen because they happen to be working on board a vessel when they are injured, and seamen do not lose Jones Act protection when the course of their service to a vessel takes them ashore."[31] In *Chandris*, the Supreme Court held that the Jones Act should be read in conjunction with the Longshore and Harbor Workers' Compensation Act ("LHWCA"), which specifically excludes from its coverage the "master or member of a crew of any vessel."[32] As the Court explained, "it is odd but true that the key requirement for Jones

---

[27] Docket 26 at 2 (Mot.).

[28] *Boy Scouts of Am. v. Graham*, 86 F.3d 861, 864 (9th Cir. 1996) (citing *McDermott Int'l Inc. v. Wilander*, 498 U.S. 337, 337 (1991)). *See also Wilander*, 498 U.S. at 356 (citing *Pullman-Standard v. Swint*, 456 U.S. 273, 289, n. 19 (1982)).

[29] *Wilander,* 498 U.S. at 356.

[30] *Chandris*, 515 U.S. at 361.

[31] *Id.*

[32] 33 U.S.C. § 902(3)(G).

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 6 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 6 of 14

Act coverage now appears in another statute."[33] Thus, "'master or member of a crew' is a refinement of the term 'seaman' in the Jones Act[.]"[34]

The *Chandris* Court articulated a two-part test for determining seaman status under the Jones Act: "[1] [t]he worker's duties must contribute to the function of the vessel or to the accomplishment of its mission, and [2] the worker must have a connection to a vessel in navigation (or an identifiable group of vessels) that is substantial in terms of both its duration and its nature."[35]

In this motion, Crux challenges only one component of the second requirement of the *Chandris* test: the nature of Mr. Milligan's connection to the materials barge. For purposes of this motion, Crux does not dispute that Mr. Milligan's duties contributed to the accomplishment of the barge's mission.[36] Nor does it dispute that the barge is a vessel in navigation.[37] And it does not dispute that Mr. Milligan spent a substantial amount of time on the materials barge.[38] Rather, Crux argues that Mr. Milligan's connection to the materials barge was not substantial in nature.

---

[33] *Chandris*, 515 U.S. at 356 (citing *Wilander*, 498 U.S. at 346).

[34] *Id.*

[35] *Id.* at 376. *See also Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 785 (9th Cir. 2007) (applying *Chandris* test); *Keller Found. v. Tracy*, No. 11-71800 (9th Cir. Sept. 20, 2012) (slip op. at 11612) (same).

[36] Docket 38 at 3 (Reply) (explaining that Crux "chose not to challenge" other elements of the *Chandris* test, "such as whether the barge(s) are a vessel in navigation, whether Milligan's job contributed to the function of the barge, or whether the duration of Milligan's service was substantial[.]").

[37] *Id.*

[38] Docket 26 at 5 (Mot.) ("Milligan's time records indicate he worked most days and was apparently nearly continually at the barge camp . . .").

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 7 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 7 of 14

In determining whether an employee has a substantial connection to a vessel, the Supreme Court in *Chandris* instructed that a district court "should emphasize that the Jones Act was intended to protect sea-based maritime workers, *who owe their allegiance to a vessel*, and not land-based employees, who do not."[39] In this case, Mr. Milligan has been a member of the International Laborers Union, Local 942 for over twenty years.[40] At his deposition, he explained:

> This is how it works in our union. If they need a pipe-layer, and you're a pipe-layer, you go on a job. As soon as you're done laying the pipe, if they don't need you, you go to the hall, and they send you to the next job where they need a pipe-layer at, or a finisher, or whatever goes on.[41]

When asked where he had expected his next job to come from after the Crux project, Mr. Milligan testified that "all of my jobs are union. All I have to do is I just call the hall, and they have something for me."[42] As this testimony makes clear, Mr. Milligan's allegiance is to his union, not to the materials barge or the barge raft.[43]

In *Cabral v. Healy Tibbits Builders, Inc.*, the Ninth Circuit held that the plaintiff, Mr. Cabral, was not a seaman for Jones Act purposes because he failed to meet the

---

[39] *Chandris*, 515 U.S. at 376 (emphasis added).

[40] Docket 27 at 7 (Milligan Dep. at 15).

[41] Docket 27 at 20 (Milligan Dep. at 39).

[42] Docket 27 at 37 (Milligan Dep. at 89).

[43] Mr. Milligan also testified at his deposition that he had hoped to get further employment with Crux, specifically building wind towers at a project site in Nevada, but had no formal assurances of such employment. *Id.* at 36 (Milligan Dep. at 87). But even if Mr. Milligan had received a formal offer from Crux for future employment at the Nevada site, such employment would have been land-based and not connected with the materials barge, the barge raft, or any other vessels.

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 8 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 8 of 14

substantial connection test.[44] Affirming the Hawai'i District Court's grant of summary judgment to the defendant, the Court concluded that Mr. Cabral "was a land-based worker who had only a transitory or sporadic connection with Barge 538."[45] The Circuit Court explained:

> Cabral was hired to work on Barge 538 as a crane operator and not as a crew member. Cabral presents no evidence showing that he was ever aboard Barge 538 when it was anywhere but the Ford Island Ferry project. In fact, when the barge was used in another part of the harbor on a soil sampling project on the weekend immediately preceding the accident, Cabral was not aboard because the barge's crane was not used. Furthermore, Cabral presents no evidence showing that he would continue to work aboard Barge 538 after the Ford Island Ferry project was completed. All of the evidence points to one conclusion: that Cabral was a land-based crane operator who happened to be assigned to a project which required him to work aboard Barge 538. In sum, we hold that the district court correctly concluded that there was no evidence from which a reasonable jury could infer that Cabral met the substantial connection test.[46]

In *Scheuring v. Traylor Bros., Inc.*, the Ninth Circuit reversed the Central District of California's grant of summary judgment to the defendant, finding genuine issues of fact as to whether the plaintiff was a land-based employee or a Jones Act seaman.[47] The court explained that while the facts in *Scheuring* were similar to those in *Cabral*, several crucial differences in the nature of the work performed in *Scheuring* required a different holding than *Cabral*:

---

[44] 128 F.3d 1289 (9th Cir. 1997).

[45] *Id.* at 1293.

[46] *Id.* at 1293.

[47] 476 F.3d 781, 787 (9th Cir. 2007).

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 9 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 9 of 14

> The plaintiff in *Cabral* did not make any showing of exposure to vessel-movement or other characteristic seamen's risks. Scheuring alleges that the boat was subject to sea swells, wind waves, vessel wakes and tidal currents. He further alleges that the barge fleeted on her anchor lines on a daily basis. And, most importantly, on at least three occasions, the plaintiff was aboard the barge as it was unmoored and moved by a tugboat. The plaintiff contends that during those movements, he performed duties that could be characterized as "sea-based" duties, such as handling lines, weighing and dropping anchors, standing lookout, monitoring the marine band radio and splicing wire and rope. These claims show the existence of a factual dispute whether the plaintiff's employment was land-based or sea-based.[48]

Thus, the key difference between the two cases was that Mr. Scheuring was exposed to the perils of the sea, while Mr. Cabral was not.

In *Heise v. Fishing Co. of Alaska, Inc.*, the Ninth Circuit affirmed the Alaska District Court's determination that Mr. Heise was not a seaman for purposes of the Jones Act.[49] Mr. Heise had been hired by the Fishing Company of Alaska ("FCA") as a temporary laborer to perform repairs on the *Alaska Ranger* while the ship was docked in Seward. Mr. Heise slept aboard the vessel and on one occasion assisted in securing the ship's mooring lines after it was towed.[50] While Mr. Heise hoped to continue working for FCA after his temporary employment ended, he had no assurance or offer of such future employment. Mr. Heise was injured in the vessel and brought a Jones Act claim against FCA alleging breaches of its duties of care and unseaworthiness, and,

---

[48] *Id.*.

[49] 79 F.3d 903, 906-07 (9th Cir. 1996).

[50] It is not clear from the Ninth Circuit's decision if the *Alaska Ranger* was in drydock during the repairs; however, it is clear that the vessel was movable by tug throughout the process. *See id.* at 905.

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 10 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 10 of 14

as an alternative cause of action, an LHWCA claim for negligence.[51] The District Court granted summary judgment to FCA on both claims.[52] It found that Mr. Heise was not a seaman under the Jones Act because "undisputed facts established that Heise was hired for land-based work, not sea-based maritime work[.]"[53] The District Court also determined, as a matter of law, that the LHWCA barred Mr. Heise from bringing suit against his immediate employer.[54] In affirming the determination, the Ninth Circuit held with regard to Mr. Heise's Jones Act coverage that the District Court had correctly denied Mr. Heise seaman status because "at the time of Heise's injury, his connection to the *Alaska Ranger* was to be limited to the time that the vessel was in Seward undergoing maintenance and repairs."[55]

The Ninth Circuit's holding in *Heise* is directly applicable to this case.[56] Like Mr. Heise, Mr. Milligan was hired as a temporary worker to work aboard a vessel that was

---

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.* at 906-07.

[56] Mr. Milligan argues that *Heise* is "easily distinguishable" from the present case. Docket 34 at 21 (Opp.). He asserts that in *Heise*, the Ninth Circuit held that because Mr. Heise performed ship repair work, "[h]e was therefore covered under the LHWCA and could not bring a Jones Act suit against his employer." Docket 34 at 21 (Opp.). However, in its decision, the Ninth Circuit conducted its Jones Act analysis independently of its LHWCA analysis. It held first that Mr. Heise could not bring a Jones Act claim because he was a land-based worker and not a seaman; and then separately discussed potential coverage under the LHWCA, ultimately holding that because Mr. Heise was engaged in repair work, § 905(b) of the Act barred him from bringing a negligence suit against his employer. *Heise*, 79 F.3d at 907.

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 11 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 11 of 14

stationary.[57] He had not worked on the barge raft prior to its mooring near the construction site, and was not expected to continue working aboard the barge raft when it had completed its term near the site. Like Mr. Heise, Mr. Milligan's connection to the barge raft was limited to the time that the barge raft was moored in the bay near the construction site.[58]

While Mr. Milligan repeatedly argues that he was subject to the perils of the sea through his work for Crux, he has not asserted any specific facts to support this argument. Mr. Milligan testified that he was transported aboard the hotel barge on one occasion[59] and that he held the mooring lines of the materials barge on another occasion,[60] but this Court finds that these isolated incidents outside his regular duties do not, without more, transform the nature of his responsibilities from land-based to sea-based. Rather, the facts in this case are more akin to those in *Cabral* and *Heise* than those in *Scheuring*. Based on this analysis, this Court finds that Mr. Milligan did not have the requisite substantial connection to the vessel and hence was not a Jones Act seaman during his employment with Crux.

---

[57] While Mr. Milligan has testified that he was aboard the hotel barge on one occasion when it was moved, that occasion appears to have been brief and isolated. *See* Docket 27 at 45 (Milligan Dep. at 101).

[58] *Cf. Heise*, 79 F.3d at 906-07 ("at the time of Heise's injury, his connection to the *Alaska Ranger* was to be limited to the time that the vessel was in Seward undergoing maintenance and repairs."); *Delange v. Dutra Const. Co., Inc.*, 183 F.3d 916, 920 (9th Cir. 1999) (because the plaintiff "served in various deckhand capacities *while the barge was being moved* and also assisted in the piledriving carried out from the barge[,]" the court found that "[a] jury could reasonably conclude from this evidence that Delange contributed to the barge's mission.") (emphasis added).

[59] Docket 27 at 45 (Milligan Dep. at 101).

[60] Docket 35-1 at 4 (Milligan Dep. at 103).

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 12 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 12 of 14

In his Opposition, Mr. Milligan argues in the alternative that if he was not a Jones Act seaman, he was a *Sieracki* seaman able to bring an unseaworthiness claim.[61] However, the Ninth Circuit has held that "Congress took away the unseaworthiness remedy granted by *Sieracki* with its enactment of the [LHWCA]."[62] Mr. Milligan argues that such a reading is overbroad, but cites only an Alaska state court case to support his statement.[63] This Court is bound by the precedents of the Ninth Circuit, which explicitly state that a *Sieracki* seaman cannot bring an unseaworthiness claim.

## CONCLUSION

Mr. Milligan's Complaint asserts five claims for relief. Claim One, Jones Act Negligence, is brought explicitly under the Jones Act.[64] Claim Two, Unseaworthiness,[65] and Claim Three, Maintenance and Cure and Unearned Wages,[66] are available only to seamen.[67] Claim Four, Found, is premised on the unseaworthiness claim asserted in

---

[61] Docket 34 at 22-23 (Opp.) (referring to *Seas Shipping Co. v. Sieracki*, 328 U.S. 85 (1946)).

[62] *Normile v. Mar. Co. of Philippines*, 643 F.2d 1380, 1381 (9th Cir. 1981). *See* Docket 38 at 17 (Reply) (citing *Normile*).

[63] Docket 34 at 23 (Opp.) (citing *Cavin v. State*, 3 P.3d 323 (Alaska 2000).

[64] Compl. ¶ 4.1 *et seq*.

[65] *Id.* ¶ 5.1 *et seq*.

[66] *Id.* ¶ 6.1 *et seq*.

[67] *See* Schoenbaum, *Admiralty and Maritime Law* § 6-27 (5th ed.) (re Claim Two) ("The warranty of seaworthiness . . . is a duty owed to a narrow class of maritime workers—those who can claim "seaman" status under the law."); *id.* at § 6-28 (re Claim Three) ("The right to maintenance and cure may be asserted by any person who is a 'seaman.'").

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 13 of 14
Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 13 of 14

Claim Two,[68] and cannot stand alone without that claim. Thus, Mr. Milligan's lack of seaman status requires dismissal of his first four claims.

Claim Five, General Maritime Law Negligence,[69] "may be invoked by virtually anyone who suffers injury or loss in an admiralty setting[,]"[70] and is therefore unaffected by this Court's determination that Mr. Milligan was not a Jones Act seaman. But Crux asserts that Claim Five must be dismissed "because, as an employer, Crux is immune from claims for liability unless made pursuant to the Jones Act, which, of course, depends on [Mr. Milligan's] status [as a seaman]."[71] Mr. Milligan received workers' compensation for his injury for approximately 18 months before rejoining the workforce.[72] Alaska Statute § 23.30.055 provides that the liability of an employer under the workers' compensation statutes "is exclusive and in place of all other liability of the employer and any fellow employee to the employee . . . at law or in admiralty[.]" Thus, Mr. Milligan cannot sustain his claim for General Maritime Law Negligence against Crux.

For the foregoing reasons, the defendants' Motion for Summary Judgment is GRANTED as to all claims.

Dated at Anchorage, Alaska this 27th day of September, 2012.

*/s/ Sharon L. Gleason*  
United States District Judge

---

[68] *See* Compl. ¶ 7.2 ("The plaintiff's employer, its employees, agents, and/or servants were negligent and/or the vessel was unseaworthy, as set out above, as a result of which plaintiff suffered a loss of found.").

[69] *Id.* ¶ 8.1 *et seq.*

[70] Schoenbaum at § 5-2.

[71] Docket 26 at 2, n. 2 (Mot.).

[72] Docket 27 at 2 (Reilly Decl. ¶ 5).

3:11-cv-00078-SLG, *Milligan v. Crux Subsurface, Inc. et al.*
Order Granting Defendants' Motion for Summary Judgment
Page 14 of 14

Case 3:11-cv-00078-SLG   Document 43   Filed 09/27/12   Page 14 of 14